## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| Darry'l Long, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  vs.<br><br>WCR Incorporated<br><br>    Defendant.<br>_____ | )  Case No. _____<br>)<br>)<br>)<br>)  **CLASS ACTION**<br>)<br>)  **COMPLAINT**<br>)<br>)<br>)<br>)<br>)<br>) |

### CLASS ACTION COMPLAINT

Now comes Plaintiff, Darry'l Long, ("Plaintiff"), on behalf of himself and all others similarly situated, through Counsel, and pursuant to 740 ILCS § 14/1 *et seq.*, and Fed. R. Civ. P. 23, against Defendant, WCR Incorporated, ("WCR Inc." or "Defendant"), its subsidiaries and affiliates, to redress and curtail Defendant's unlawful collections, obtainments, use, storage, and disclosure of Plaintiff's sensitive and proprietary biometric identifiers and/or biometric information (collectively referred to herein as "biometric data" and/or "biometrics"). Plaintiff alleges as follows upon personal knowledge as to himself, his own acts and experiences and, as to all other matters, upon information and belief including investigation conducted by his attorneys.

### NATURE OF THE ACTION

1.     At all relevant times, Defendant, WCR Incorporated, manufactures, services and

repairs heat exchangers throughout the country. WCR Incorporated is headquartered and is domiciled in Fairborn, Ohio.

2.     Plaintiff worked at WCR Inc.'s facility located at 1610 W. Alterfor, Peoria, Illinois 61615 from approximately March 17, 2021 through approximately February 2, 2024 and had his biometric information processed via a face scan as part of the time clock procedure for timekeeping and payroll purposes.

3.     As part of the onboarding process and/or being permitted to continue his employment at WCR Inc., Plaintiff was required when clocking into and out of his daily shift, including any lunch breaks, to have his face scanned.

4.     In these instances, WCR Inc. utilizes a biometric terminal and biometric scanning software to collect the face scans of their employees, including Plaintiff.

5.     WCR Inc. employees, including Plaintiff, are required to undergo this biometric authentication each shift in order to receive compensation.

6.     WCR Inc. collects, stores, possesses, and otherwise obtains, uses and disseminates its employees' biometric data.

7.     Face scans are unique, permanent biometric identifiers associated with each user that cannot be changed or replaced if stolen or compromised. WCR Inc.'s unlawful collection, obtainment, storage, and use of its users' biometric data exposes them to serious and irreversible privacy risks. For example, if WCR Inc.'s database containing face scans or other sensitive, proprietary biometric data is hacked, breached, or otherwise exposed, WCR Inc.'s employees have no means by which to prevent identity theft, unauthorized tracking or other unlawful or improper use of this highly personal and private information.

8.     The Illinois legislature enacted BIPA to protect residents' privacy interests in their

biometric data. *See Heard v. Becton, Dickinson & Co.*, 440 F. Supp. 3d 960, 963 (N.D. Ill. 2020), citing *Rosenbach v. Six Flags Entm't Corp.*, 2019 IL 123186, 432 Ill. Dec. 654, 129 N.E.3d 1197, 1199 (2019).

9.       Courts analogize an individual's privacy interest in their unique biometric data to their interest in protecting their private domain from invasion, such as from trespass. *See Bryant v. Compass Group USA, Inc.*, 958 F.3d 617, 624 (7th Cir. 2020), as amended on denial of reh'g and reh'g *en banc*, (June 30, 2020) and opinion amended on denial of reh'g *en banc*, 2020 U.S. App. LEXIS 20468, 2020 WL 6534581 (7th Cir. 2020).

10.      In recognition of these concerns over the security of individuals' biometrics – particularly in the City of Chicago, which has been selected by major national corporations as a "pilot testing site[] for new applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias" (740 ILCS 14/5(b)) – the Illinois Legislature enacted the BIPA, which provides, *inter alia*, that a private entity like WCR Inc. may not obtain and/or possess an individual's biometrics unless it: (1) informs that person in writing that biometric identifiers or information will be collected or stored; (2) informs that person in writing of the specific purpose and length of term for which such biometric identifiers or biometric information is being collected, stored and used; (3) receives a written release from the person for the collection of his or her biometric identifiers or information; and (4) publishes publicly-available written retention schedules and guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15(a)-(b).

11.      The Illinois Legislature has found that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/5(c). "For example, social security numbers, when compromised, can be changed. Biometrics, however, are

biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." *Id*.

12.     Specifically, upon information and belief, WCR Inc. has collected and stored the facial geometry of each employee who was required to use the face scanning technology as part of WCR Inc.'s timeclock procedure. Each face scan that WCR Inc. extracts is unique to a particular individual in the same way that fingerprint or voiceprint uniquely identifies a particular individual.

13.     WCR Inc. is a "private entity" as that term is broadly defined by BIPA and WCR Inc. is subject to all requirements of BIPA. *See* 740 ILCS § 14/10.

<u>**JURISDICTION AND VENUE**</u>

14.      This is a Class Action Complaint for violations of the Illinois Biometric Information Privacy Act (740 ILCS 14/1 et seq.) brought pursuant to Fed. R. Civ. P. 23 seeking statutory and actual damages.

15.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant is domiciled in and is a resident of Fairborn, Ohio.

16.     This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 because Plaintiff and the proposed class members are all residents of Illinois, WCR Inc. is domiciled in Ohio, and the amount in controversy exceeds $75,000.

17.     This Court has jurisdiction over this dispute pursuant to the Class Action Fairness Act ("CAFA") because the prospective class includes over 100 people and the amount in controversy exceeds $5,000,000.

18.     At all relevant times, Plaintiff and the proposed Class are residents of the state of Illinois and the violations of BIPA as detailed herein occurred while Plaintiff and the proposed Class were located in Illinois.

19.     At all relevant times, WCR Inc. has deliberately availed itself to conducting business with and employing Illinois residents.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

20.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

21.     Plaintiff worked at WCR Inc.'s facility located at 1610 W. Alterfor, Peoria, Illinois 61615 from approximately March 17, 2021 through approximately February 2, 2024.

22.     As part of the onboarding process and/or being permitted to continue his employment at WCR Inc., Plaintiff was required when clocking into and out of his daily shift, including any lunch breaks, to have his face scanned.

23.     In these instances, WCR Inc. utilized a biometric terminal and scanning software to collect the facial geometry of Plaintiff.

24.     WCR Inc. employees, including Plaintiff, are required to undergo this biometric authentication in order to perform their work for WCR Inc. and to get compensation.

25.     In other words, WCR Inc. collected and retained biometric information for the purpose of verifying Plaintiff's identity as an employee.

26.     At all relevant times, WCR Inc. had no written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric information when the initial purpose for collecting or obtaining such biometric information has been satisfied or within 3 years of the individual's last interaction with WCR Inc., whichever occurs first.

27.     Ostensibly, the purpose of WCR Inc.'s collection of Plaintiff's face scans was to verify Plaintiff's identity for the purpose of punching him in or punching him out of WCR Inc.'s timekeeping system.

28.     As such, Plaintiff's face scans should have been permanently destroyed by WCR Inc. following each time punch and at the conclusion of Plaintiff's employment.

29.     However, WCR Inc. failed to permanently destroy Plaintiff's face scans following each time punch or at the conclusion of Plaintiff's employment.

30.     As such, WCR Inc.'s retention of Plaintiff's biometric information was unlawful and in violation of 740 ILCS § 14/15(a).

31.     Plaintiff was never informed in writing that WCR Inc. was collecting or storing his biometric information.

32.     Instead, Plaintiff was simply instructed to input and allow his face to be scanned as part of his overall onboarding and continual time sheet verification for WCR Inc.

33.     In fact, WCR Inc. made no mention of biometric information, collection of biometric information, or storage of biometric information to Plaintiff.

34.     Moreover, WCR Inc. did not inform Plaintiff in writing of the specific purpose and length of term for which his biometric information was being collected, stored, and used.

35.     WCR Inc. collected, stored, and used Plaintiff's biometric information without ever receiving a written release executed by Plaintiff which would consent to or authorize WCR Inc. to do the same.

36.     WCR Inc. collected, stored, and used Plaintiff's biometric information without ever receiving Plaintiff's informed consent.

37.     Additionally, WCR Inc. disclosed, redisclosed, or otherwise disseminated Plaintiff's biometric information (1) without Plaintiff's consent; (2) without Plaintiff's authorization to complete a financial transaction requested or authorized by Plaintiff; (3) without being required by State or federal law or municipal ordinance; or (4) without being required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction.

38.     Upon information and belief, WCR Inc. utilizes numerous third party "Service Providers", all of which have had Plaintiff's biometric information disclosed, redisclosed or otherwise disseminated to them via their role as Service Providers assisting WCR Inc. with its identity verification services.

39.     WCR Inc.'s collection and retention of biometric information as described herein is not unique to Plaintiff and is instead part of WCR Inc.'s policies and procedures which WCR Inc. applies to all of its hourly employees, including the Class Members.

## RULE 23 CLASS DEFINITIONS AND ALLEGATIONS

40.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

41.     Plaintiff brings Claims for Relief in violation of BIPA as a class action under Rule 23(a), (b)(2) and (b)(3). Plaintiff brings these claims on behalf of himself and all members of the following Rule 23 Class:

> **All individuals who had their biometric information collected by WCR Inc. in Illinois at any point in the five (5) years preceding the filing of this Complaint.**

42.     In the alternative, and for the convenience of this Court and the parties, Plaintiff may seek to certify other subclasses at the time the motion for class certification is filed.

43. **Numerosity (Rule 23(a)(1))**. The Class Members are so numerous that joinder of all members is impracticable. Plaintiff is informed and believes that there are more than 1,000 people who satisfy the definition of the Class.

44. **Existence of Common Questions of Law and Fact (Rule 23(a)(2))**. Common questions of law and fact exist as to Plaintiff and the Class Members including, but not limited to, the following:

a. Whether WCR Inc. possessed Plaintiff's and the Class Members' biometric identifiers or biometric information without first developing a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with WCR Inc., whichever occurs first.

b. Whether WCR Inc. collected, captured, purchased, received through trade, or otherwise obtained Plaintiff's and the Class Members' biometric identifiers or biometric information, without first: (1) informing Plaintiff and the Class Members in writing that a biometric identifier or biometric information is being collected or stored; (2) informing Plaintiff and the Class Members in writing of the specific purpose and length of term for which their biometric identifiers or biometric information was being collected, stored, and used; and (3) receiving a written release executed by Plaintiff and the Class Members

c. Whether WCR Inc. disclosed, redisclosed, or otherwise disseminated Plaintiff's and the Class Members' biometric identifiers or biometric information (1) without Plaintiff's and the Class Members' consent; (2) without Plaintiff's and the Class Members' authorization to complete a financial transaction requested or authorized by Plaintiff and the Class Members; (3)

without being required by State or federal law or municipal ordinance; or (4) without being required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction.

d.    The damages sustained and the proper monetary amounts recoverable by Plaintiff and the Class Members.

45.    **Typicality (Rule 23(a)(3))**. Plaintiff's claims are typical of the Class Members' claims. Plaintiff, like the Class Members, had their biometric identifiers and biometric information collected, retained or otherwise possessed by WCR Inc. without WCR Inc.'s adherence to the requirements of BIPA as detailed herein.

46.    **Adequacy (Rule 23(a)(4))**. Plaintiff will fairly and adequately represent and protect the interests of the Class Members. Plaintiff has retained counsel competent and experienced in complex class actions.

47.    **Injunctive and Declaratory Relief (Rule 23(b)(2))**. Class certification of the Rule 23 claims is appropriate under Rule 23(b)(2) because WCR Inc. acted or refused to act on grounds generally applicable to the Class Members, making appropriate declaratory relief with respect to the Class Members as a whole.

48.    **Predominance and Superiority of Class Action (Rule 23(b)(3))**. Class certification of the Rule 23 claims is also appropriate under Rule 23(b)(3) because questions of law and fact common to the Class Members predominate over questions affecting only individual members of the classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. WCR Inc.'s common and uniform policies and practices illegally deprived Plaintiff and the Class Members of the privacy protections which BIPA seeks to ensure; thus, making the question of liability and damages much more manageable and efficient to resolve in a class action, compared to hundreds of individual trials. The damages

suffered by individual Class Members are small compared to the expense and burden of individual prosecution. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about WCR Inc.'s practices.

49.     Plaintiff intends to send notice to all Class Members to the extent required by Fed. R. Civ. P. 23.

### COUNT ONE: VIOLATION OF 740 ILCS § 14/15(a)

50.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

51.     A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first. Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines. 740 ILCS § 14/15(a).

52.     As part of the onboarding process and/or being permitted to continue his employment at WCR Inc., Plaintiff was required when clocking into and out of his daily shift, including any lunch breaks, to have his face scanned.

53.     At the time of collecting and retaining Plaintiff's and the Class Members' biometric information, WCR Inc. had no written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric information when the initial purpose

for collecting or obtaining such biometric information has been satisfied or within 3 years of the individual's last interaction with WCR Inc., whichever occurs first.

54. Ostensibly, the purpose of WCR Inc.'s collection of Plaintiff's facial geometry was to verify Plaintiff's identity for the purpose of punching him in or punching him out of WCR Inc.'s timekeeping system.

55. As such, Plaintiff's face scans should have been permanently destroyed by WCR Inc. following each time punch and at the conclusion of Plaintiff's employment.

56. However, WCR Inc. failed to permanently destroy Plaintiff's face scans following each time punch or at the conclusion of Plaintiff's employment.

57. As such, WCR Inc.'s retention of Plaintiff's and the Class Members' Biometric information was unlawful and in violation of 740 ILCS § 14/15(a).

## COUNT TWO: VIOLATION OF 740 ILCS § 14/15(b)

58. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

59. No private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first:

> (1) informs the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored;
>
> (2) informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and
>
> (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative. 740 ILCS § 14/15(b).

60. WCR Inc. did not inform Plaintiff and the Class Members in writing that WCR Inc. was collecting or storing his biometric information.

61.     In fact, WCR Inc. made no mention of biometric information, collection of biometric information, or storage of biometric information.

62.     Moreover, WCR Inc. did not inform Plaintiff and the Class Members in writing of the specific purpose and length of term for which their biometric information was being collected, stored, and used.

63.     WCR Inc. collected, stored, and used Plaintiff's and the Class Members' biometric information without ever receiving a written release executed by Plaintiff or the Class Members which would consent to or authorize WCR Inc. to do the same.

64.     As such, WCR Inc.'s collection of Plaintiff's and the Class Members' biometric information was unlawful and in violation of 740 ILCS § 14/15(b).

## COUNT THREE: VIOLATION OF 740 ILCS § 14/15(d)

65.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

66.     No private entity in possession of a biometric identifier or biometric information may disclose, redisclose, or otherwise disseminate a person's or a customer's biometric identifier or biometric information unless:

(1) the subject of the biometric identifier or biometric information or the subject's legally authorized representative consents to the disclosure or redisclosure;

(2) the disclosure or redisclosure completes a financial transaction requested or authorized by the subject of the biometric identifier or the biometric information or the subject's legally authorized representative;

(3) the disclosure or redisclosure is required by State or federal law or municipal ordinance; or

(4) the disclosure is required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction. 740 ILCS § 14/15(d).

67.     Upon information and belief, WCR Inc. utilizes numerous third party "Service Providers", all of which have had Plaintiff's and the Class Members' biometric information disclosed, redisclosed or otherwise disseminated to them via their role as Service Providers assisting WCR Inc. with its identity verification services.

68.     Upon information and belief, the terminal which WCR Inc. utilized to collect and store Plaintiff's and the Class Members' biometric information as detailed herein is manufactured and continually serviced by a third-party Service Provider which had access to Plaintiff's and the Class Members' biometric information.

69.     Upon information and belief, the collection and storage of Plaintiff's and the Class Members' biometric information was performed using software which is manufactured and continually serviced by a third-party Service Provider which had access to Plaintiff's and the Class Members' biometric information as detailed herein.

70.     Upon information and belief, WCR Inc. has utilized one or more third-party Service Providers to provide timekeeping and payroll services on WCR Inc.'s behalf and all such Service Providers had access to Plaintiff's and the Class Members' biometric information as detailed herein.

71.     WCR Inc.'s disclosures, redisclosures, or otherwise disseminating of Plaintiff's and the Class Members' biometric information was unlawful and in violation of 740 ILCS § 14/15(d).

**WHEREFORE**, individually, and on behalf of the Class Members, Plaintiff prays for: (1) certification of this case as a class action pursuant to Fed. R. Civ. P. 23 appointing the undersigned counsel as class counsel; (2) a declaration that Defendant has violated BIPA, 740 ILCS § 14/1 *et seq.*; (3) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS § 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to

740 ILCS § 14/20(1) in the event the court finds that Defendant's violations of BIPA were negligent; (4) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS §14/20(3); (5) actual damages; and (6) for any other relief deemed appropriate under the circumstances.

### DEMAND FOR JURY TRIAL

Plaintiff and the Class Members hereby demand a jury trial on all causes of action and claims with respect to which they each have a state and/or federal constitutional right to a jury trial.

Dated: May 30, 2024                                    Respectfully submitted,

By: */s/ Michael L. Fradin*
Michael L. Fradin, Esq.
8401 Crawford Ave. Suite 104
Skokie, IL 60076
Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com

By: */s/ James L. Simon*
James L. Simon
11 1/2 N. Franklin Street,
Chagrin Falls, Ohio 44022
Telephone: (216) 816-8696
Email: james@simonsayspay.com